UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Melanie Beckemeyer,

    Plaintiff,

    v.

Gelco Corporation,

    Defendant.

Case No. 1:17cv695

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon Defendant Gelco Corporation's Motion for Judgment on the Pleadings. (Doc. 14). Plaintiff has filed a Response in Opposition. (Doc. 15). Also before the Court is Plaintiff Melanie Beckemeyer's Amended Motion for Leave to Amend the Complaint. (Doc. 21). Defendant opposes Plaintiff's Amended Motion for Leave to Amend. (Doc. 22).

### I. BACKGROUND

In 2016, Plaintiff Melanie Beckemeyer became employed by Avanir Pharmaceuticals as a senior Medical Science Liaison. (Doc. 21, ¶ 5). Plaintiff was responsible for covering the territory of Ohio, Kentucky and parts of Indiana and Pennsylvania. (Doc. 21, ¶ 5). Avanir contracted with Defendant to provide a company vehicle to Plaintiff. (Doc. 21, ¶ 6). This contract between Avanir and Defendant is titled "Master Lease Agreement." (Doc. 14-1). Plaintiff alleges that the vehicle she received was contaminated with mold or some other environmental hazard. (Doc. 21, ¶ 7). Plaintiff claims that she developed severe health conditions as a result of the contamination. (Doc. 21, ¶ 8).

Plaintiff informed Defendant of the contamination. (Doc. 21, ¶ 9). Defendant took steps to remedy the contamination. (Doc. 21, ¶ 9).

In her original Complaint, Plaintiff brought claims for negligence and breach of contract. In response, Defendant filed a Motion for Judgment on the Pleadings. (Doc. 14). In May of 2018, Plaintiff filed a Motion for Leave to Amend the Complaint (Doc. 16), but on August 17, 2018, Plaintiff filed an Amended Motion for Leave to Amend the Complaint (Doc. 21). Plaintiff's proposed amended complaint does not add any claims or parties, but merely adds factual allegations.

Defendant opposes Plaintiff's Amended Motion, maintaining that the motion is untimely and amending the Complaint would futile because Plaintiff's claims cannot overcome Defendant's Motion for Judgment on the Pleadings.

**II.      ANALYSIS**

**A. Motion for Judgement on the Pleadings**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard of review as a Rule 12(b)(6) motion. *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

Defendant's Motion for Judgment on the Pleadings is directed toward the original Complaint. If the Court grants Plaintiff's Amended Motion for Leave to Amend the

Complaint, Defendant's Motion for Judgment on the Pleadings would be denied as moot. *See Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) (amended complaint renders original complaint a nullity, because an amended complaint supercedes all prior complaints) (citing *Pintando v. Miami–Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007)). Therefore, the Court will first address Plaintiff's Amended Motion for Leave to Amend the Complaint.

### B. **Motion for Leave to Amend the Complaint**

Federal Rule of Civil Procedure 15(a)(2) provides that a Court "should freely give leave [to amend] when justice so requires." A motion to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 521 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 220 (2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendant maintains that Plaintiff's Amended Motion for Leave to Amend is untimely because this Court set March 31, 2018 as the deadline for filing a motion for leave to amend the complaint. (Doc. 10, ¶ 2).

Once the scheduling order's pleading deadline passes, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 906-907 (6th Cir. 2003) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock*

*Fin. Group*, 281 F.3d. 613, 625 (6th Cir. 2002) (internal citation and quotation marks omitted). A court must also consider whether the amendment will prejudice the party opposing it. *Leary*, 349 F.3d at 906, 908.

The Sixth Circuit has explained that "[i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994).

The Court notes that this Court recently granted the parties request to extend the discovery deadline to March 31, 2019 and the dispositive motion deadline to April 15, 2019. Therefore, Defendant would not suffer prejudice if Plaintiff is permitted to amend her Complaint.

Defendant also maintains that the Amended Motion for Leave to Amend is futile for a number of reasons. A proposed amendment to a complaint is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Defendant first argues that the Amended Motion is futile because even the newly-created allegations in the proposed amended complaint (Doc. 21-1) do not establish a recognized negligence claim under Ohio law. Defendant explains the allegations are insufficient to establish liability under Ohio's Product Liability Act ("OPLA"), Ohio Revised Code § 2307.71, *et seq.* because Defendant is not a "supplier."

The OPLA expressly abolished all common law product liability claims.

4

*Krumpelbeck v. Breg, Inc.*, 491 Fed.Appx. 713, 715 (6th Cir. 2012).  Under the statute:

> "Product liability claim" means a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from the following:
>
> (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing or marketing of that product;
>
> (b) Any warning or instruction, or lack of warning or instruction, associated with that product;
>
> (c) Any failure of that product to conform to any relevant representation or warranty.

Ohio Rev. Code § 2307.71(A)(13).  A "supplier" is defined as a "person that, in the course of business conducted for the purpose, sells, distributes, leases, prepares, blends, packages, labels, or otherwise participates in the placing of a product in the stream of commerce."  Ohio Rev. Code § 2307.71(A)(15)(a)(1).

Plaintiff argues that her negligence claim does not fall within the category of claims preempted by OLPA because her claim is based on Defendant's own negligence, not because Defendant placed a product into the stream of commerce.

This Court has held that the common law negligence actions which are preempted by the OPLA are those where "[t]he actionable conduct that forms the basis of the negligence claim-negligent research, manufacturing, testing, marketing, and failure to warn-is the same conduct that the OPLA defines as giving rise to a 'products liability claim.'" *Mitchell v. Proctor & Gamble*, No. 2:09-CV-426, 2010 WL 728222, at *4 (S.D. Ohio Mar. 1, 2010) (quoting *Stratford v. SmithKline Beecham Corp.*, No. 2:07-CV-639, 2008 WL 2491965, at *5 (S.D. Ohio June 17, 2008).  Here, Plaintiff has not alleged

5

conduct which would form the basis of a products liability claim under the OPLA. In her proposed amended complaint, Plaintiff alleges that she notified Defendant that the vehicle was contaminated, but Defendant failed to alleviate the hazard and provided faulty directions concerning remediation of the hazard. (Doc. 21-1 at ¶¶ 8, 10, 22). These allegations do not involve the design, formulation, production, construction, creation, assembly, rebuilding, testing or marketing of a product; a lack of warning regarding a product; or breach of an implied warranty. Therefore, Plaintiff's negligence claim does not fall within the definition of a "products liability claim" under Ohio Revised Code § 2307.71(A)(13). Accordingly, Plaintiff's negligence claim is not preempted by OPLA.

Next, Defendant maintains that the Amended Motion for Leave to Amend is futile because the pleadings in Plaintiff's proposed amended complaint do not establish a relationship between Defendant and Plaintiff that gives rise to a legal duty. Defendant argues that under the Master Lease Agreement, Plaintiff's employer, Avanir, has the responsibility for maintenance, selection, possession and operation of the vehicle.

One Ohio court has held that financial lessors do not owe a legal duty to persons using the equipment that is the subject of the lease. *Long v. Tokai Bank of California*, 114 Ohio App. 3d 116, 127, 682 N.E.2d 1052, 1060 (Ohio Ct. App. 1996). In *Long*, an employee was injured by a flocking machine which was leased by his employer. *Id.* at 1053. The employee brought a claim for negligence against the seller and manufacturer of the machine, along with the bank which provided the financing for the purchase of the machine. *Id.* The bank did not participate in the selection or negotiation of terms of the sale; never had possession, custody, or control over the machine; and did not participate in its possession, maintenance, or operation. *Id.* The court explained that based on the

defendant's lack of involvement as a financial lessor, the defendant did not owe a duty to the employee. *Id.* at 1060. The court explained:

> The sole argument advanced by appellants to establish a duty is the control that Tokai exercised, pursuant to the master lease agreement. As we previously noted, Tokai had no direct involvement with the flocking machine other than as a financial lessor. Under the circumstances, Tokai was not in a position to inspect the product, nor was it required to do so. *See Bickram v. Case I.H.* (E.D.N.Y.1989), 712 F.Supp. 18, 23. *See, also, Starobin v. Niagara Machine & Tool Works Corp.* (N.Y.App.1991), 172 A.D.2d 64, 66–67, 577 N.Y.S.2d 327, 329 (holding that even reservation of right by lessor to inspect leased equipment at any time did not create affirmative duty of care). As a result, Tokai is not liable to appellants based on negligence theories.

*Id.*[1] Here, in her proposed amended complaint, Plaintiff alleges that Defendant:

> directly contacted Plaintiff by electronic mail on April 29, 2016 to provide details regarding the vehicle Defendant was arranging to deliver to Plaintiff. (See Ex. A hereto). The email provided Plaintiff with Defendant's phone number and email address and instructed Plaintiff: "[Defendant's] Driver Support Center should be your **First Point of Contact** for all your fleet needs." (emphasis in original). The email also attached a document entitled "Welcome Melanie" which provided further information about when and how Plaintiff should contact Defendant for maintenance needs. (Ex. B).

(Doc. 21-1, PAGEID# 114). Plaintiff also alleges that after receiving the vehicle, she contacted Defendant as instructed and reported the condition of the vehicle. (Doc. 21-1, PAGEID# 114). Plaintiff claims Defendant provided her with instructions for service of the vehicle over the next several months. (Doc. 21-1, PAGEID# 115). Plaintiff alleges further that "Defendant made affirmative representations to Plaintiff that maintenance, service and repair needs would be promptly addressed and remedied by Defendant." (Doc. 21-2, PAGEID#115). Based on these allegations, Defendant did exert some control

---

[1]The OPLA has codified this holding to the extent that the statute applies to product liability claims. The OPLA provides that a "supplier" does not include "[a]ny person who acts only in a financial capacity with respect to the sale of a product, or who leases a product under a lease arrangement in which the selection, possession, maintenance, and operation of the product are controlled by a person other than the lessor." Ohio Rev. Code § 2307.71 (15)(a)(iv).

7

over the vehicle; and did participate to some extent in its maintenance. Therefore, Plaintiff alleges that Defendant was more than just a financial lessor. Given that Plaintiff's negligence claim is limited to Defendant's response once Plaintiff notified Defendant that the vehicle was contaminated, Plaintiff's proposed amendments to this claim would not be futile.

However, Defendant argues that Plaintiff has not adequately plead a negligence claim because Defendant did not owe a duty to Plaintiff. It is well-established that before there can be negligence, there must be a duty. *Thompson v. Germantown Cemetery*, 188 Ohio App. 3d 132, 137, 934 N.E.2d 956, 959-960 (Ohio Ct. App. 2010). A duty of care may be imposed by operation of law or by contract. *Hubbell v. Xenia*, 175 Ohio App. 3d 99, 105, 885 N.E.2d 290, 295 (Ohio Ct. App. 2008). "The existence of a duty in a negligence action is a question of law for the court, and there is no express formula for determining whether or not a duty exists." *Adelman v. Timman*, 117 Ohio App.3d 544, 549, 690 N.E.2d 1332 (Ohio Ct. App. 1997).

A party can voluntarily undertake a duty toward another, leading to potential liability in tort. *Brink v. Giant Eagle*, 98 N.E.3d 822, 828 (Ohio Ct. App. 2017). A claim for the negligent performance of an undertaking to render service is based on 2 Restatement of the Law 2d, Torts (1965), Section 323, which provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking . . . (b) the harm is suffered because of the other's reliance upon the undertaking.

As one Ohio court has explained:

"The theory of recovery under Section 323(b) is that 'when one undertakes

8

a duty voluntarily, and another reasonably relies on that undertaking, the volunteer is required to exercise ordinary care in completing the duty.'" *Kerr–Morris v. Equitable Real Estate Invest. Mgt., Inc.* (1999), 136 Ohio App.3d 331, 335 [736 N.E.2d 552], * * *. In other words, '(a) voluntary act, gratuitously undertaken, must be (* * *) performed with the exercise of due care under the circumstances.' *Briere v. Lathrop Co.* (1970), 22 Ohio St.2d 166, 172 [258 N.E.2d 597], * * *. This theory of negligence does not require proof of a special relationship between the plaintiff and the defendant, or proof of somewhat overwhelming circumstances. This type of negligence follows the general rules for finding negligence, with the addition of one extra element of proof, that of reasonable reliance by the plaintiff on the actions of the defendant." (Parallel citations omitted.) *Douglass v. Salem Community Hosp.*, 153 Ohio App.3d 350, 2003-Ohio-4006, 794 N.E.2d 107, ¶ 70–74 (7th Dist.).

*Brink*, 98 N.E.3d at 828.

Plaintiff alleges in her proposed amended complaint that Defendant made affirmative representations to Plaintiff that maintenance, service and repair needs would be promptly addressed and remedied by Defendant. Plaintiff alleges that these representations created a duty. While Plaintiff must still establish that it was reasonable for her rely on the actions of Defendant, Plaintiff has adequately plead a claim for negligence in her proposed amended complaint; and her Amended Motion for Leave to Amend would not be futile as it relates to her claim for negligence.

Finally, Defendant maintains that the Amended Motion for Leave to Amend is futile because Plaintiff's proposed amended complaint fails to state a claim for breach of contract. Defendant explains that Plaintiff's allegations do not establish that she was an intended third-party beneficiary to the Master Lease Agreement. Defendant points out that it entered into the Master Lease Agreement with Plaintiff's employer, Avanir, ten years before Plaintiff became an employee at Avanir. Defendant also explains that the Master Lease Agreement does not identify any intended third-party beneficiaries. Defendant argues that even if Plaintiff can establish that she is an intended third-party

9

beneficiary, Plaintiff's allegations do not support a finding of liability because Plaintiff has not identified a term of the Master Lease Agreement which Plaintiff claims has been breached.

The Supreme Court of Ohio has adopted the "intent to benefit" test to determine whether a third party is an intended beneficiary of a contract. *Huff v. FirstEnergy Corp.*, 130 Ohio St. 3d 196, 200, 957 N.E.2d 3, 6 (Ohio 2011). "Under this analysis, if the promisee * * * intends that a third party should benefit from the contract, then that third party is an 'intended beneficiary' who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an 'incidental beneficiary,' who has no enforceable rights under the contract." *Id.* (quoting *Hill v. Sonitrol of Southwestern Ohio, Inc.*, 36 Ohio St.3d 36, 40, 521 N.E.2d 780 (Ohio 1988)). The Ohio Supreme Court has explained that in determining whether there is an intent to benefit a third party:

> Courts generally presume that a contract's intent resides in the language the parties chose to use in the agreement. *Shifrin v. Forest City Ents., Inc.* (1992), 64 Ohio St.3d 635, 638, 597 N.E.2d 499. "Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions." *Id.* at syllabus. Ohio law thus requires that for a third party to be an intended beneficiary under a contract, there must be evidence that the contract was intended to directly benefit that third party. Generally, the parties' intention to benefit a third party will be found in the language of the agreement.

*Id.* Therefore, "for an injured third party to qualify as an intended third-party beneficiary under a written contract, the contract must indicate an intention to benefit that third party." *Id.* at 8.

Plaintiff maintains that she is an intended third-party beneficiary because Avanir

10

contracted with Defendant to provide a safe vehicle for her. However, the Master Lease Agreement between Avanir—the Customer—and Defendant does not indicate an intention to directly benefit Plaintiff. The Master Lease Agreement only provides that Defendant agrees "to lease to Customer and Customer hereby agrees to lease from [Defendant] certain Vehicles for use in its business." (Doc. 14-1). Moreover, the Master Lease Agreement provides that: "Customer agrees to repair the Vehicles and to maintain them in safe and good mechanical condition." (Doc. 14-1). Therefore, under the terms of the Master Lease Agreement, it was Avanir who was responsible for maintaining the leased vehicles. The language of the Master Lease Agreement does not express an intent to directly benefit Plaintiff. Therefore, Plaintiff is merely an incidental beneficiary, who has no enforceable rights under the contract. Accordingly, Plaintiff's Amended Motion for Leave to Amend her Complaint would be futile as it relates to her claim for breach of contract.

Because the Court grants in part Plaintiff's Amended Motion for Leave to Amend her Complaint, the amended complaint will render the original complaint a nullity. Therefore, Defendant's Motion for Judgment on the Pleadings is DENIED as MOOT.

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendant Gelco Corporation's Motion for Judgment on the Pleadings (Doc. 14) is **DENIED as MOOT**; and

2. Plaintiff Melanie Beckemeyer's Amended Motion for Leave to Amend the Complaint (Doc. 21) is **GRANTED in PART and DENIED in PART;**

    a. Plaintiff's Amended Motion for Leave to Amend is GRANTED as to Plaintiff's claim for negligence; and

    b. Plaintiff's Amended Motion for Leave to Amend is DENIED as to Plaintiff's claim for breach of contract;

3. Plaintiff shall file her Amended Complaint with the claims set forth according to the rulings in this Order within **twenty-one (21) days** of entry of this Order.

   **IT IS SO ORDERED.**

   　　　　　　　　　　　　　　　　　　　*/s/ Michael R. Barrett*
   　　　　　　　　　　　　　　　　　　　JUDGE MICHAEL R. BARRETT