# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **MELANIE BECKEMEYER**, | ][ | CASE NO.  1:17-cv-00695 |
| | ][ | |
| Plaintiff, | ][ | JUDGE BARRETT |
| | ][ | |
| v. | ][ | |
| | ][ | **DEFENDANT'S MOTION TO** |
| **GELCO CORPORATION,** *etc.*, | ][ | **EXCLUDE THE OPINIONS AND** |
| | ][ | **TESTMONY OF PLAINTIFF'S** |
| Defendant. | ][ | **EXPERT STEVE RUCKER, CIH** |
| | ][ | |

In accordance with Rule 702 of the Federal Rules of Evidence, Defendant, Gelco Corporation, nka Element Fleet Corporation, respectfully moves this Court to exclude the opinions and report of Plaintiff's expert Steve Rucker, CIH.  Rucker tested the RAV4 for mold 22 months after the last use by Plaintiff, after it had been owned by numerous dealerships and private owners, such that its findings are irrelevant.  Rucker's air sampling failed to employ proper controls and his vacuum accumulation of dust under the passenger seat failed to obtain an appropriate sample size to meet test criteria.  Moreover, his conclusion that the test showed "elevated" levels of endotoxin is vague, unreliable, and meaningless, such that it does nothing to aid the trier of fact in this case.

A Brief in Support is attached hereto and incorporated herein.

Respectfully submitted,

*/s/Colin P. Sammon*
MICHAEL A. PAGLIA, ESQ. (0070542)
COLIN P. SAMMON, ESQ. (0076011)
**RITZLER COUGHLIN & PAGLIA, LTD.**
1360 East Ninth Street
1000 IMG Center
Cleveland, OH  44114

Office (216) 241-8333
Facsimile (216) 241-5890
csammon@rcp-attorneys.com
*Attorneys for Defendant Gelco Corporation*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MELANIE BECKEMEYER**, | ][ | CASE NO.  1:17-cv-00695 |
| | ][ | |
| Plaintiff, | ][ | JUDGE BARRETT |
| | ][ | |
| v. | ][ | |
| | ][ | **MEMORANDUM IN SUPPORT OF** |
| **GELCO CORPORATION**, *etc.*, | ][ | **DEFENDANT'S MOTION TO** |
| | ][ | **EXCLUDE THE OPINIONS AND** |
| Defendant. | ][ | **TESTMONY OF PLAINTIFF'S** |
| | ][ | **EXPERT STEVE RUCKER, CIH** |

---

In this action, Plaintiff alleges she was injured during the course of periodically driving her company-issued Toyota RAV4 from May 6, 2016 through September 23, 2016.  She alleges that the RAV4 was contaminated or infested with mold, and that her inhalation exposure to that contamination caused her to suffer physical effects including an invented condition which is not a generally recognized medical condition - "Chronic Inflammatory Response Syndrome" - and even brain injury.

Science and case law hold that an objective physician or scientist would not – and could not – determine that a plaintiff's alleged illness was caused by exposure to mold without first having the exposure data during the relevant time of exposure.  In this case, there is no dispute that such exposure data is nonexistent.  Plaintiff's last date of possession of the RAV4 was September 23, 2016.  It was then stored, sold at an auction on October 19, 2016.  It was then sold in November 18, 2016, to Deborah and Henry Ahaus of Sunman, Indiana.  In January 2017, Roger Butler of Frankfort, Indiana, purchased the RAV4 from Del Real, a used car dealership in Frankfort.  Mr. Butler traded the vehicle in to Rohrman Subaru after logging approximately 6,000 miles on it.  On July 9, 2018 – some twenty-two months after Plaintiff last operated the

3

RAV4 and five owners (including dealerships) later – Plaintiff had her Industrial Hygienist inspect the RAV4 for mold. His report is attached hereto as Exhibit 1, solely for the purposes of this Motion.

Yet Rucker's testing, both dust and air sampling, was flawed. According to Jeremey Porter, Rucker conducted air sampling did not include air testing outside the building which housed the RAV4 in 2018 or take a control sample outside the vehicle, which is standard practice. Additionally, his sampling for mold dust and endotoxins was improperly conducted. The test results showed that "measurable dust was less than minimum required, entire filter used." Thus, the sampled dust was insufficient to meet the laboratory's protocol. (Jeremy Porter Aff., attached hereto as Exhibit 2.) Dr. Chiodo, a Certified Industrial Hygeinist, agrees with this assessment. (Ernest Chiodo Affidavit, attached hereto as Exhibit 3, at ¶ 29-31.)

Rucker's report and conclusion should be excluded because it does not bear on the condition of the RAV4 in 2016. It is patently irrelevant. Moreover, the testing procedure was flawed in several respects and therefore, by definition, lacks the reliability necessary to be admissible under *Daubert.*

For the foregoing reasons, and those expressed in the attached Affidavits of Jeremy Porter and Dr. Chiodo, Mr. Rucker's opinions, methodology, and conclusions are utterly unreliable and not scientifically based such that they must be excluded under *Daubert.*

Respectfully submitted,

*/s/Colin P. Sammon*
MICHAEL A. PAGLIA, ESQ. (0070542)
COLIN P. SAMMON, ESQ. (0076011)
**RITZLER COUGHLIN & PAGLIA, LTD.**
1360 East Ninth Street
1000 IMG Center
Cleveland, OH 44114

Office (216) 241-8333
Facsimile (216) 241-5890
csammon@rcp-attorneys.com

*Attorneys for Defendant Gelco Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 15, 2019 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Colin P. Sammon*
COLIN P. SAMMON (0076011)